USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERT EARL JONES,

                        Petitioner,

-v-

SUPERINTENDENT JOSEPH T. SMITH,

                        Respondent.

------------------------------------------------------------------X

09 Civ. 6497 (PAE) (GAY)

OPINION & ORDER
ADOPTING REPORT &
RECOMMENDATION

PAUL A. ENGELMAYER, District Judge:

On November 4, 2011, the Honorable George A. Yanthis, United States Magistrate Judge, issued a Report and Recommendation (the "R&R") that petitioner Robert Earl Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. *See* Dkt. 26. For the following reasons, the Court adopts the R&R, and denies Jones's petition.

I. **Standard of Review**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-cv-5810, 2009 U.S. Dist. LEXIS 58771, at *10 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). However, where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

[1]

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Kozlowski v. Hulihan*, Nos. 09-cv-7583, 10-cv-0812, 2012 U.S. Dist. LEXIS 15124, at *10 (S.D.N.Y. Feb. 7, 2012) (Holwell, J.); *Brown v. Time Warner Cable*, No. 10-cv-8469, 2011 U.S. Dist. LEXIS 113624, at *7 (S.D.N.Y. Oct. 3, 2011) (Crotty, J.); *Soley v. Wasserman*, No. 08-cv-9262, 2011 U.S. Dist. LEXIS 111522, at *11 (S.D.N.Y. Sept. 29, 2011) (Wood, J.); *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 U.S. Dist. LEXIS 55034, at *2 (S.D.N.Y. July 21, 2008) (Swain, J.). The Court is mindful that *pro se* parties are generally accorded leniency when making objections. *Pinkney*, 2008 U.S. Dist. LEXIS 55034, at *2–3 (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00-cv-0862, 2002 U.S. Dist. LEXIS 4395 (S.D.N.Y. Mar. 18, 2002). Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citing *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 2002)).

## II. Discussion

In this case, the vast majority of Jones's objections track, identically, the arguments Jones made to Judge Yanthis in either his original petition (Dkt. 2) or his traverse (Dkt. 17–18). As to those arguments, the R&R is thus subject to clear error review. After a careful review of the record, the Court finds no facial error in those portions of the R&R. The R&R is, therefore, adopted as to these points. There are, however, portions of Jones's objections which address matters either (1) not discussed in the R&R, or (2) not asserted by Jones before Judge Yanthis.

After reviewing the procedural posture of the case, which is relevant to several objections, the Court discusses these points in turn.

### 1.     Prior Proceedings

On December 19, 2005, Jones was found guilty of selling narcotics pursuant to N.Y. Penal L. § 220.39, possessing eight ounces or more of a narcotic drug pursuant to N.Y. Penal L. § 220.21, possessing a narcotic drug with intent to sell it pursuant to N.Y. Penal L. § 220.16, and two counts of possessing drug paraphernalia, pursuant to N.Y. Penal L. § 220.50. On January 3, 2008, the Appellate Division, Third Department unanimously affirmed Jones's conviction. *People v. Jones*, 47 A.D.3d 961 (3d Dep't 2008). On March 20, 2008, the New York Court of Appeals denied Jones leave to further appeal his conviction. *People v. Jones*, 10 N.Y.3d 812 (N.Y. 2008). On July 28, 2008, Jones filed a petition for a writ of error *coram nobis* in the Appellate Division, Third Department. On October 21, 2008, the Third Department denied that petition. On November 11, 2008, Jones requested leave to appeal that decision to the New York Court of Appeals. On December 31, 2008, that application was denied.

On February 3, 2009, Jones filed a motion in the Third Department, seeking to supplement his prior petition for a writ of error *coram nobis*. See Respt.'s Ans. Ex. R. Jones thereby attempted to add the argument that he had been denied the effective assistance of counsel by virtue of his trial counsel's failure to object to a violation of N.Y. Crim. Proc. L. § 310.30, and his appellate counsel's failure to raise this argument on appeal. (As discussed *infra*, § 310.30, in some circumstances, requires a trial judge to provide counsel with copies of notes that a jury sends out during deliberations.) On March 27, 2009, the Third Department issued an order, discussed in more detail *infra*, which denied Jones's request but was ambiguous as to whether that denial was based on a procedural default or a substantive deficiency. *Id.* at Ex. T.

On August 11, 2009, the New York Court of Appeals denied Jones leave to appeal the Third Department's determination. *See id.* at Exs. U, W.

Three weeks earlier, on July 22, 2009, while his motion for leave to appeal was pending with the New York Court of Appeals, Jones had filed this petition for a writ of habeas corpus. Dkt. 1. On September 3, 2009, he submitted a motion to Judge Yanthis, seeking to supplement this habeas petition to add the argument that he had attempted to add to his prior *coram nobis* petition—that Jones was denied the effective assistance of counsel because his trial counsel had not objected to a violation of N.Y. Crim. Proc. L. § 310.30, and because his appellate counsel had not raised this claim. Dkt. 5. On November 4, 2011, Judge Yanthis issued both the R&R denying Jones's habeas petition, and a separate order denying Jones's motion to supplement his habeas petition to raise his claim relating to § 310.30. Dkt. 25, 26. In late December 2011, Jones submitted his objections to the R&R, which the Court directed be docketed in April 2012. Dkt. 30.

### 2. Jones's argument that his counsel was ineffective for failing to raise the issue of non-compliance with N.Y. Crim. Proc. L. § 310.30

Jones argues in his objections that the trial court committed error, under N.Y. Crim. Proc. L. § 310.30, by failing to provide either the prosecution or his trial counsel with copies of notes the jury sent out during deliberations. *See* Pet'r's Obj. at ECF p. 13 (Dkt. 30). Jones argues that his trial counsel, in turn, was ineffective for failing to seek such notes, and that his appellate counsel was ineffective for failing to spot or pursue this issue on appeal. Importantly, however, Jones acknowledges that the trial court orally notified the parties of the jury's note; he does not state whether the trial court related the substance of the note to counsel. *Id.* Having reviewed the trial record, however, it is clear that the trial judge did orally relate the substance of the note

[4]

to counsel (including Jones's) in open court, outside the presence of the jury. *See* Dec. 19, 2005 Tr. at 745:15–746:3; 746:5–746:9; 747:21–748:8.

Because this argument was not presented in Jones's original habeas petition, Judge Yanthis did not address it in the R&R. While his habeas petition was pending before Judge Yanthis, however, Jones moved to amend his petition to present that argument. *See* Dkt. 5. On the same date that he issued his R&R, Judge Yanthis, by order dated November 4, 2011, denied Jones's motion to amend as futile. He found that Jones was procedurally barred from raising that claim, because, Judge Yanthis concluded, Jones had failed to raise it timely before the state courts, and Jones had failed to show cause and prejudice for this procedural default, which Judge Yanthis termed a "failure to exhaust." *See* Dkt. 25 at 2.

In this Court's view, it was, with respect, error to deny Jones's motion to amend his habeas petition to present this argument. Jones clearly had the right to amend his original habeas petition: "It is well-settled that the Federal Rules of Civil Procedure, and specifically Rule 15 governing amendments of pleadings, apply to habeas petitions." *Soler v. United States*, No. 10-cv-4342, 2010 U.S. Dist. LEXIS 135353, at *7 (S.D.N.Y. Dec. 22, 2010) (Holwell, J.) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)) (additional citations omitted). "In habeas situations, '[b]efore a responsive pleading is served, pleadings may be amended once as a matter of course, *i.e.*, without seeking court leave.'" *Soler*, 2010 U.S. Dist. LEXIS 135353, at *7 (quoting *Mayle*, 545 U.S. at 655) (additional internal quotation marks omitted). Here, Jones's motion to amend was received on September 3, 2009, while respondent's answer was not submitted until October 8, 2009. *See* Dkt. 5–6. And, for the reasons set forth below, the Third Department's decision did not supply a clear enough basis on which to conclude that the reason for its denial of Jones's claim of ineffective assistance relating to § 310.30 was a procedural default (in which case such

[5]

a claim is barred here) as opposed to on the merits (in which case it is preserved). However, having reached and evaluated Jones's ineffective assistance claim on its merits, the Court concludes that Jones's claim of ineffective assistance is, clearly, unavailing.

### a) Exhaustion / procedural bar

Judge Yanthis found Jones's claim regarding the jury note unexhausted and, therefore, procedurally barred. *See* Dkt. 25 at 2. Although the issue is not free from doubt, this Court respectfully disagrees with that conclusion. On February 3, 2009, Jones submitted a motion to the Appellate Division, Third Department, styled as an application to supplement his prior petition for a writ of error *coram nobis*, so as to add the argument that his appellate counsel had been ineffective for failing to raise the issue that the trial court committed reversible error, as a matter of New York law, for failing to comply with N.Y. Crim. Proc. L. § 310.30. *See* Respt.'s Ans. Ex. R. On February 28, 2009, the People responded to that motion. *Id.* at Ex. S. By Order dated March 27, 2009, the Third Department denied the motion. *Id.* at Ex. T. The Third Department's brief order reads as follows:

> Motion for a writ of error coram nobis to vacate decision and order of this Court in People v Jones 947 AD3d 961 [2008], lv denied 10 NY3d 808, 812 [2008]).
>
> Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
>
> ORDERED that the motion is denied.

*Id.*

The Third Department's order is ambiguous. It is simply not clear from the Order whether the Third Department considered Jones's motion solely a procedural application to supplement a prior petition, or instead an entirely new petition for a writ of error *coram nobis* which was denied on the merits. The order's first sentence, "motion for a writ of error coram

[6]

nobis," is at least consistent with the interpretation that the Third Department treated Jones's application as an entirely new petition, and denied it on substantive, rather than procedural, grounds. And, assuming that the Third Department reached the merits of Jones's putative amendment, the Order is unclear whether the Third Department addressed the aspect of Jones's claim raised here (ineffective assistance) or based its denial on an adequate and independent state ground.[1]

Under these ambiguous circumstances, the Court is compelled to find in Jones's favor on the issue of whether his ineffective assistance claim is barred by procedural default. Courts in this circuit presume that "[a]bsent a clear and express statement of reliance on a state procedural bar . . . a cursory state court decision rest[s] on the merits of the federal claim." *Parker v. Ercole*, 666 F.3d 830, 834 (2d Cir. 2012) (quoting *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006)) (internal quotation marks omitted). In particular, where it is not clear whether a state court's "cursory" statement in fact addressed a federal claim put before it, this Court should assume that the federal claim was addressed, *id.*; in this case, that assumption compels a finding that Jones complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). However, a reviewing court must also assume that the federal claim was addressed "on the merits," thereby triggering a deferential standard of review of that decision pursuant to 28 U.S.C. § 2254(d)(1).

### b)  Standard of review

Under the standard of review in 28 U.S.C. § 2254(d)(1), "[t]he writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

---

[1] Assuming that the ineffective assistance claim was properly presented to the Appellate Division, that claim is fully exhausted, because Jones sought leave to appeal that determination to the Court of Appeals. *See id.* at Exs. U, W.

[7]

Supreme Court of the United States." *Parker*, 666 F.3d at 834 (quoting 28 U.S.C. § 2254(d)(1)). In determining whether a state court's application of federal law was objectively "unreasonable," the Court is mindful that "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A federal court hearing a petition for habeas corpus relief may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

### c) Analysis

To prevail on an ineffectiveness claim, a petitioner must show that (1) "counsel's performance was deficient," defined as falling "below an objective standard of reasonableness," and that (2) counsel's "deficient performance prejudiced the defense," meaning that "counsel's errors were so serious [that they deprived] the defendant of a fair trial," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). A defendant's Sixth Amendment rights do not, however, guarantee "error free" representation. Instead, the Court must, in evaluating *Strickland*'s first prong, consider particular claimed defects in the broader context of "counsel's performance as a whole" in determining whether that performance fell "below an objective standard of reasonableness." *See Harden v. LaClaire*, No. 07-cv-4592, 2008 U.S. Dist. LEXIS 23617, at *54 (S.D.N.Y. Mar. 26, 2008); *Smalls v. McGinnis*, No. 04-cv-301, 2004 U.S. Dist. LEXIS 15480, at *93 (S.D.N.Y. Aug. 10, 2004).[2]

---

[2] This does not, however, mean that where a defendant has genuinely been prejudiced by a deficient performance, that deficiency can be overlooked because other aspects of counsel's performance were effective. *See Rosario v. Ercole*, 601 F.3d 118, 123–24 (2d Cir. 2010) (clarifying that the second prong of the *Strickland* standard cannot be satisfied by showing that,

[8]

Here, Jones's petition fails. The Court cannot conclude that the Appellate Division was unreasonable to the extent it found that the conduct of Jones's counsel, as a whole, did not fall "below an objective standard of reasonableness." Jones seizes on a single asserted lapse—he argues that his trial counsel failed to insist on proper compliance with N.Y. Crim. Proc. L. § 310.30 with respect to a several jury notes, which the trial court summarized but did not read aloud, and that his appellate counsel failed to appeal on the basis of those asserted lapses. Section 310.30 provides, in pertinent part, that when a jury requests additional information or instruction, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant . . . must give such requested information or instruction as the court deems proper."

In support of his argument based on § 310.30, Jones cites *People v. O'Rama*, 78 N.Y.2d 270 (N.Y. 1991) and *People v. Kisoon*, 8 N.Y.3d 129 (N.Y. 2007). There, the New York Court of Appeals held that failure to abide by § 310.30's notice requirement constitutes reversible error. In *O'Rama*, the Court of Appeals explained the substance of the notice requirements as follows:

> [W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel . . . . After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses . . . the trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court's response and the context in which it is being made.

---

due to counsel's effectiveness elsewhere in the proceedings, counsel's discrete deficiencies did not taint the "fairness of the process as a whole").

[9]

*O'Rama*, 78 N.Y.2d at 277–78. In *Kisoon*, the Court of Appeals held that the core notice requirement of § 310.30 is non-waivable. Thus, trial counsel need not preserve a claim based on § 310.30 for a defendant to raise it on appeal. 8 N.Y.3d at 135.

The circumstances of this case, however, are readily distinguishable from those in *O'Rama* and *Kisoon*.

In *O'Rama*, a juror sent out a note to the trial judge which detailed a significant difference of opinion among the jurors. *O'Rama*, 78 N.Y.2d at 275 n.2. That note said, *inter alia*, that the juror believed:

> [T]hat there are people who are so set including myself who are looking at the same evidence in such opposite ways that it doesn't seem that I am going to change my mind (either side) . . . . Repeating (the evidence so many times just pushes people further apart.) Other aspects are coming into play . . . people's attitudes and actions. I don't feel I can honestly come up with a different decision than I have. I am not the only one on the jury who feels this way but may be the only one that has conviction enough to say so . . . We are split down the middle HELP 6/6.

*Id.* The Court of Appeals held that, in such circumstances:

> [T]he precise language and tone of the juror note may be critical to counsel's analysis of the situation in the jury room and ability to frame intelligent suggestions for the fairest and least prejudicial response. Concomitantly, the Trial Judge's summary of the "substance" of an inquiry cannot serve as a fair substitute for defense counsel's own perusal of the communication, since it is defense counsel who is best equipped and most motivated to evaluate the inquiry and the proper responses in light of the defendant's interests.

*Id.* at 277. The Court of Appeals did not, however, mandate that the jury note *must* be shown to counsel, or read verbatim in its entirety, in *all* circumstances. *See id.* (stating only that disclosure of the note's precise language is necessary to ensure proper notice in "most cases"). Rather, the Court of Appeals held that the overarching requirement of § 310.30 is that counsel not be precluded from "participat[ing] effectively or adequately protect[ing] the defendant's rights

[because] this specific information is not given." *Id*; *accord People v. Lykes*, 81 N.Y.2d 767, 770 (N.Y. 1993) ("The point of our decision in *O'Rama*, however, was 'not to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful, *i.e.*, before the court gives its formal response [to a jury's inquiry]'").

The circumstances here do not, remotely, suggest that Jones's rights were jeopardized by the failure of the trial court to read the note in question aloud. Thus, it would not have been "unreasonable" at all for the Appellate Division to reject any claim of ineffectiveness, based on failure to make a § 310.30 argument, on the part of Jones's trial counsel. In particular, the jury notes in Jones's trial, as summarized by the trial court, requested only that certain trial evidence be brought to the room where the jury was deliberating, that a portion of the charge be read back, and that certain portions of witness testimony be read back. *See* Dec. 19, 2005 Tr. 745:14–746:9. The trial court, in response, identified with specificity the exhibits to be given to the jury and the portions of the testimony to be read back. *Id.*

The requests from the jury here were, thus, a far cry from those in *O'Rama*. The situation presented by the note in *O'Rama* called upon the Court and counsel to fashion a delicate and thoughtful response to an apparent breakdown in the jury's functioning. The note flagged a situation which, depending on how it was attended to, presented an obvious risk of a hung jury. By contrast, the jury's requests here required responses which were overwhelmingly mechanical or ministerial. *Cf. O'Rama*, 78 N.Y.2d at 277 (particular procedures required only "whenever a *substantive* written jury communication is received . . . .") (emphasis added). Under these circumstances, the trial court's non-verbatim synopsis of the jury's notes was not nearly as problematic, or potentially prejudicial, as in *O'Rama*. *See People v. Kadarko*, 14 N.Y.3d 426,

429–30 (N.Y. 2010) (where, "unlike in *O'Rama* and *Kisoon*, the error does not amount to a failure to provide counsel with meaningful notice of the contents of the jury note or an opportunity to respond" a failure to read a jury note to counsel verbatim did not justify a new trial because it "was not a mode of proceedings error and the court later corrected itself, without objection or request for further instruction by either party.").

Furthermore, the trial record makes clear that Jones's counsel was present, informed, and participating at these points in the trial. *See id.* at 746:10. As to the one substantive issue raised by a jury note in the case—the question of whether alternate jurors should take part or be dismissed—Jones's counsel was consulted, and took part in the discussion, before the jury was present in the room or the Judge spoke to the jury. *Id.* Additionally, after the partial read-back of the charge, the last item responsive to the jury's notes, the trial judge double-checked to make sure that counsel had no objection to the read-back of either the witness testimony or the charge. *Id.* at 755:6–8. Jones's counsel stated that he had none. *Id.* at 755:9; *see also Kadarko*, 14 N.Y.3d at 430 (finding no error where counsel was affirmatively informed of, but did not object to, formalistic violation of *O'Rama*).

In sum, it appears that Jones's counsel was sufficiently apprised of the content of the jury's requests to enable him to "participate effectively" and "adequately protect" his client's interests with regard to the issues raised therein. Moreover, there is no claim that Jones's trial counsel was in any other respect inattentive to his responsibilities; on the contrary, he made a number of pre-trial motions and vigorously cross-examined the prosecution's witnesses. The Court thus cannot and does not conclude that "no fairminded jurist" could agree with the Appellate Division's finding that the performance of trial counsel and appellate counsel was constitutionally sufficient. Jones's petition, premised on § 310.30, is therefore denied.

### 3.   Jones's claim that he is actually innocent

Jones's objections to the R&R also include a section positing that he is actually innocent of the crimes for which he was convicted—criminal sale of a controlled substance, two species of criminal possession of a controlled substance, and two counts of criminally using drug paraphernalia. *See* Pet'r's Obj. at ECF pp. 35–40 (Dkt. 30). The Court's review of the record shows that this argument was not presented to Judge Yanthis. "Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Jones v. New York Dep't of Corr. Jail*, No. 11-cv-4477, 2012 U.S. Dist. LEXIS 51845, at *4 (S.D.N.Y. Apr. 12, 2012) (citing *Illis v. Artus*, No. 06-cv-3077, 2009 U.S. Dist. LEXIS 77596, at *3 (E.D.N.Y. Aug. 28, 2009)); *see also Martinez v. Connelly*, No. 09-cv-648, 2011 U.S. Dist. LEXIS 127293, at *5 (S.D.N.Y. Nov. 3, 2011); *Toliver v. City of New York*, Nos. 10-cv-3165, 10-cv-6619, 2011 U.S. Dist. LEXIS 120785, at *28 (S.D.N.Y. Oct. 18, 2011). The Court could, therefore, decline to consider the claim at all. However, because the claim is facially meritless, and can be disposed of on the record at hand, the Court will consider it. Regardless of whether the claim, as presented here, was exhausted in the New York courts, the Court addresses its merits for the purpose of dismissing it pursuant to 28 U.S.C. § 2254(b)(2).

Jones's claim could be interpreted as arguing either actual innocence as an independent basis for granting the writ, or as challenging the sufficiency of the trial evidence of his guilt. The first path, however, has not been held cognizable as a stand-alone basis for granting habeas relief. *See Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010) ("The Supreme Court has not finally resolved the issue of whether there is a federal Constitutional right to be released upon proof of actual innocence. As Chief Justice Roberts recently observed, 'Whether such a federal

[13]

right exists is an open question.'") (citing *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, ___, 129 S. Ct. 2308, 2321 (2009)).

As to a claim on evidentiary insufficiency, the Due Process Clause of the Fourteenth Amendment forbids conviction of a criminal defendant "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." *Jackson v. Virginia*, 443 U.S. 307, 315 (1979). On collateral review of a conviction, however, judges must be highly deferential to the jury's verdict, and must therefore "view[] the evidence in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, and uphold the verdict unless "the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury [could convict]." *Langston v. Smith*, 630 F.3d 310, 314 (2d Cir. 2011) (citing *United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir. 2005)) (internal quotation marks omitted).

Here, the crimes for which Jones was convicted require proof of the following elements:

1. Jones knowingly and unlawfully sold a narcotic drug. N.Y. Penal L. § 220.39

2. Jones knowingly and unlawfully possessed one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of eight ounces or more. N.Y. Penal L. § 220.21.

3. Jones knowingly and unlawfully possessed a narcotic drug with intent to sell it. N.Y. Penal L. § 220.16.

4. Jones knowingly possessed or sold, *inter alia*: (1) diluents, dilutants, or adulterants under circumstances evincing knowledge that some person intends to use them to unlawfully mix or prepare a narcotic drug or stimulant; (2) gelatin capsules, glassine envelopes, or other material suitable for packaging narcotic drugs or stimulants under circumstances evincing knowledge that some person intends to use these articles to package a narcotic drug or stimulant; and (3) scales or balances used for weighing controlled substances, under circumstances evincing knowledge that some person intends to use these in aid of dispensing narcotic drugs or stimulants. N.Y. Penal L. § 220.50.

Measured against these elements, the evidence of Jones's guilt was nothing short of overwhelming. The evidence adduced at trial included (1) eyewitness accounts of Jones entering a car which pulled up to the curb shortly before his arrest; Jones was carrying a black plastic bag, entered the car, spent a short time in the car, and then left the car, still carrying the bag, and walked towards an apartment (Dec. 14, 2005 Tr. at 371–72, 374); (2) eyewitness accounts of Jones's later entry, carrying a black plastic bag, into the apartment which was about to be searched by police pursuant to a previously-obtained warrant (Dec. 15, 2005 Tr. at 492–94); (3) Jones's emergence from a bathroom in that apartment, as police searched the premises (Dec. 14, 2005 Tr. at 243–46); (4) recovery of a partially-empty black plastic bag, from that bathroom, with small plastic bags and other containers holding more than eight ounces of cocaine and heroin littered about the bathroom floor, including in the toilet bowl (Dec. 15, 2005 Tr. at 523–25, 527–28); (5) Jones's possession of over $8,000 in cash on his person (Dec. 14, 2005 Tr. at 248; Dec. 15, 2005 Tr. at 567; Dec. 15, 2005 Tr. at 522); (6) the presence of extensive drug paraphernalia in the apartment—kept by Jones's co-defendant and girlfriend—which included a digital scale, small plastic bags, aluminum foil, and razor blades (Dec. 15, 2005 Tr. at 512–22).

Under such circumstances, and viewing the evidence in the light most favorable to the prosecution, the Court does not find that "no reasonable jury" could have concluded that Jones was guilty of each element of the charged crimes. As such, Jones's argument that the evidence was constitutionally insufficient to convict him is unavailing.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety, and finds meritless Jones's claims not considered by Judge Yanthis. The Clerk of Court is directed to terminate any pending applications and close this case. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 7, 2012
      New York, New York